IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON L. HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-436-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I.    INTRODUCTION

The plaintiff, Aaron L. Henry ("Henry"), an inmate at the James T. Vaughn Correctional

Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 1, 9,

10.) Henry appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 4.) The court reviewed and screened the original complaint pursuant to

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), dismissed it, and gave Henry leave to amend. An

amended complaint was filed on July 18, 2017. (D.I. 14.) The court proceeds to review and

screen the amended complaint.

## II.    BACKGROUND

Henry has medical and mental health conditions. In the original complaint, Henry alleged

that, since December 2015, his condition worsened, he is denied medical and mental health care,

and his conditions continue to worsen. He also alleged that he was housed in isolation despite

his mental health condition and, while housed in isolation, he receives no care or treatment. A

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

supplement to the complaint alleges that on May 4, 2017, Henry had a PTSD breakdown and it was 72 hours before he was seen by the defendant Dr. Paola Munoz ("Dr. Munoz"), and then he remained in isolation for twelve days without mental health treatment. Henry also complains of the cell conditions during the time he was housed in isolation.

Upon amendment, Henry produced a number of grievances seeking medical treatment. (D.I. 13.) He alleges that: (1) he was deprived of a germ-free environment and ventilation; (2) he was treated like a caged animal with a mental problem; (3) there was a three-day delay in receiving mental health treatment; and (4) he was forced to strip naked in front of female mental health personnel.

Henry seeks prompt medical and mental health care, a transfer to the Howard R. Young Correctional Institution where he received proper medical care, and compensatory damages.

## III.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Henry proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Henry leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

Henry complains of the failure to provide him proper medical and mental health treatment as well as the conditions under which he was housed while in isolation. Similar to the original complaint, the amended complaint fails to state claims upon which relief may be granted.

In order to set forth a cognizable claim, an inmate must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be

4

deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

The amended complaint does not refer to any of the named defendants. In addition, the court reviewed the 74 pages (D.I. 13) submitted by Henry, and the documents do not reference any of the named defendants. In addition, there are no dates referenced in the amended complaint. As currently pled, any defendant would have great difficulty responding to the allegations. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). The amended complaint fails to include any of those elements.

Under the liberal notice pleading standard of Rule 8(a), Henry's amended complaint fails to allege facts that, if proven, would show personal involvement by any named defendant. As the complaint now stands, it does not meet the Third Circuit's standard for a legally adequate civil rights complaint. Accordingly, the court will dismiss the amended complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, since it appears plausible that Henry may be able to articulate a claim

5

against the defendants or name alternative defendants, he will be given one final opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.     MOTION FOR RECONSIDERATION

Henry moves for reconsideration of the filing fee order. (D.I. 15.) Henry advises that he does not have a job or any income and is unable make commissary purchases because of his obligation to pay filing fee payments. He asks the court to waive the filing fee.

Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Henry opted to file this lawsuit, and he is required by statute to pay the filing fee. 28 U.S.C. § 1914; 28 U.S.C. § 1915. Accordingly, the court will deny his motion for reconsideration. (D.I. 15.)

## VI.    E-FILING

The Clerk's Office has received almost all of the documents for filing in this case from Henry via the United States mail, and not through the VCC law library's e-mail/e-filing system. The VCC participates in an e-filing program with the court, *see* August 28, 2017 standing order, *In re: E-Filing Documents in the District of Delaware by Inmates at the James T. Vaughn Correctional Center*, and inmate participation is mandatory. The program was initiated to reduce the costs of filings by inmates which includes an inmate's mailing and photocopying costs. Henry is admonished to participate in the e-filing program, which serves as a benefit to him.

6

## VII.    CONCLUSION

For the above reasons, the court will:  (1) deny Henry's motion for reconsideration (D.I.

15); and (2) dismiss the amended complaint for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1).  Henry will be given one

final opportunity to amend to cure his pleading defects.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

____Nov 16_____, 2017
Wilmington, Delaware