IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON L. HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-436-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

The plaintiff, Aaron L. Henry ("Henry"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 19, 2017.

**II.    BACKGROUND**

On July 31, 2018, Henry filed a motion for injunctive relief seeking medical care. (D.I. 44.) Henry states that he has bacteria in his stomach, he was placed on medication that caused weight loss, he is not being provide laboratory work, and he has not been sent to see an outside medical specialist. Henry seeks medical attention before he dies. Warden Dana Metzger ("Metzger") opposes the motion. (D.I. 47.)

**III.   DISCUSSION**

   **A.    Injunctive Relief**

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the

public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Warden Metzger opposes the motion and provides the affidavit of Dr. Awele Maduka-Ezeh ("Dr. Maduka-Ezeh"), who is employed by the Delaware Department of Correction in the Bureau of Correctional Healthcare Services. (D.I. 47, ex. A.) Dr. Maduka-Ezeh reviewed Henry's medical file and states that Henry is being provided reasonable and extensive care for his weight loss. (*Id.*) The following medical tests, diagnostic studies, and treatment have been conducted and provided to Henry: EGD (esophago-gastro-duodenoscopy); colonoscopy; biopsy of stomach and small intestine; treatment for H. Pylori infection; abdominal ultrasound; barium swallow; testing for HIV, Hepatitis C, tuberculosis, and syphilis; multiple blood tests; and thyroid function tests. (*Id.*) Dr. Maduka-Ezeh states that Henry does not have a psychiatric diagnosis that would result in weight loss. (*Id.*) He opines that Henry may be one of the eleven to twenty-eight percent of patients with unexplained weight loss. (*Id.*) He further opined that "more likely his weight loss is the result of his ongoing pattern of refusing prison food, undertaking hunger strikes and voluntarily subsisting on Ensure instead of offered food." (*Id.*)

"A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpublished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). An inmate's claims against members of a prison

medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted). Dr. Maduka-Ezeh's uncontroverted affidavit indicates that Henry is receiving medical care. Given the record before the court, Henry has not demonstrated the likelihood of success on the merits and, therefore, injunctive relief is not appropriate. His motion will be denied.

**B.     Amended Complaint**

Upon screening, the court dismissed the original complaint (D.I. 1) and gave Henry leave to amend. (D.I. 11, 12.) He filed an amended complaint on July 18, 2017. (D.I. 14.) The amended complaint was screened and like, the original complaint, was dismissed for failure to state a claim upon which relief may be granted. (D.I. 18, 19.) Henry was given one final opportunity to amend to cure his pleading defects and was given a deadline to file a second amended complaint on or before December 18, 2017. (D.I. 19.) Henry was warned that his failure to timely file a second amended complaint would result in dismissal of the case. (*Id.*) Henry two extensions of time to file the second amended and both were granted. (D.I. 23, 25, 30, 34.) On January 30, 2018, an order was entered granting the second motion and giving Henry until on or before February 12, 2018 to file a second amended complaint. (D.I. 34.) Henry was advised that this was the final extension and that if he did not timely file a second amended complaint the Clerk of Court would be directed to close the case. (*Id.*) Henry has

3

not filed a second amended complaint. Therefore, the Clerk of Court will be directed to close the case.

   C.   **Filing Fee**

Henry moves for a waiver of all fees in this case due to his inability to pay the fees. (D.I. 38.) Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Henry opted to file this lawsuit, and he is required by statute to pay the filing fee. *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915. The motion will be denied. (D.I. 38.)

**IV.   CONCLUSION**

For the above reasons, the court will direct the Clerk of Court to close the case for the plaintiff's failure to timely file a second amended complaint. The court will also: (1) deny the motion for injunctive relief (D.I. 44); (2) deny the motion to waive the filing fee (D.I. 38); and (3) deny all other remaining motions as moot (D.I. 26, 35, 37).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2018
Wilmington, Delaware

4